UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRYLE HOWARD,<br>　　　　Plaintiff<br>　　v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>　　　　Defendant. | Case No. 5:17-cv-00726-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Chryle Howard ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 9, 19] and briefs addressing disputed issues in the case [Dkt. 16 ("Pltf.'s Br."), Dkt. 17 ("Def.'s Br."), and Dkt. 18 (Pltf.'s Reply).] The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On August 9, 2013, Plaintiff filed an application for DIB, alleging that she became disabled as of January 1, 2013. [Dkt. 13, Administrative Record ("AR") 13,

179-180.] The Commissioner denied her initial claim for benefits on November 7, 2013, and upon reconsideration on January 27, 2014. [AR 13; 87-96; 97-106.] On June 5, 2015, a hearing was held before Administrative Law Judge ("ALJ") Kenneth A. Ball. [AR 28-85.] On December 17, 2015, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 13-27.] Plaintiff requested review from the Appeals Council, which denied review on February 17, 2017. [AR 1-4.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since January 1, 2013, the alleged onset date, through December 31, 2016, her date last insured. [AR 15.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine and thoracic spine; scoliosis; osteoarthritis of the hips; and obesity. [AR 17 (citing 20 C.F.R. § 404.1520(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [*Id.* (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):
> the [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and SSR 83-10, specifically as follows: lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and walk for about four hours out of an eight-hour workday with regular breaks; sit for about six hours out of an eight-hour workday with regular breaks; push and pull within the weight limits indicated for lifting and carrying; perform all postural activities occasionally; and no other exertional or nonexertional limitations.

[AR 18-21.] Applying this RFC, the ALJ found that Plaintiff was capable of performing past relevant work as a mortgage loan processor (DOT 249.362-022), mortgage loan interviewer (DOT 241.367-018), telephone solicitor (DOT 299.357-

2

014), call center order clerk (DOT 249.362-026), mortgage clerk (249.362-014), and check cashier (DOT 211.462-014), as generally performed, and, thus, is not disabled. [AR 21-22.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

### IV. DISCUSSION

Plaintiff asserts that the ALJ failed to state sufficient reasons for discounting Plaintiff's testimony regarding her pain. [Pltf.'s Br. at 1-10.]

Plaintiff testified that she has residual back and leg pain from a work-related accident that happened in July 1984. [AR 19; 37-38.] Although she was able to manage the pain for decades, Plaintiff reported that doctors warned her that as she aged the pain would become more difficult to manage. [AR 37-38.] Plaintiff states that although she takes more pain medication than ever before, her pain is now at a level where she can no longer perform substantial gainful employment. [*Id.*] Plaintiff is no longer able to drive long distances because it causes pain in her lower back. [AR 37.] She also testified that her pain medication (which she takes on an as

3

needed basis) makes her dizzy and drowsy. [AR 36.] She reported that she would not be renewing her real estate license (which she has held since the 1980s) because she does not believe she would be able to concentrate and focus on the continuing education classes and tests required to renew the license. [AR 39-40.] Plaintiff also reported that her ability to sit/stand varies every day. [AR 66.] On a bad day (which occurs two or three times a week), Plaintiff needs to alternate between sitting and standing every twenty minutes. [AR 66; 70.]

Because there is no allegation of malingering and the ALJ found that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" [AR 19], the ALJ's reasons must be clear and convincing. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation omitted).

Here, the ALJ gave four reasons to reject Plaintiff's credibility: (1) Plaintiff's conservative treatment; (2) inconsistencies between Plaintiff's testimony and her daily activities; (3) Plaintiff's ability to work with the alleged disabling impairment for decades prior to the alleged onset date; and (4) inconsistencies between the objective medical evidence and Plaintiff's allegations of pain limitations. The Court takes each in turn.

**1. Plaintiff's Conservative Treatment**

First, the ALJ rejected Plaintiff's subjective symptoms/pain allegations on the ground that they are not consistent with her overall treatment history, which the ALJ found to be "conservative." [AR 19.] To support this conclusion the ALJ noted that Plaintiff had not received "more aggressive treatment or surgical intervention." [*Id.*]

4

A conservative course of treatment may serve as a basis for discrediting a claimant's allegations of disabling symptoms. *See*, *e.g.*, *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (treatment with over-the-counter pain medication is "conservative treatment" sufficient to discredit a claimant's testimony regarding allegedly disabling pain). However, in this case, the ALJ conclusorily labels Plaintiff's treatment regimen over the years as "conservative," but fails entirely to identify what treatment was so conservative that its nature rendered Plaintiff's complaints of pain and disabling symptoms not believable. The ALJ ignores that Plaintiff received epidural injections, which involved steroid injections into the epidural space around the spinal cord. [AR 362-363.] Given Plaintiff's epidural injections, the Court does not find convincing the ALJ's reliance on the supposedly "conservative" nature of Plaintiff's treatment as a basis for discrediting her. *See, e.g., Garrison v. Colvin*, 759 F.3d 995, 1015 n. 20 (9th Cir. 2014) ("we doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment"); *Harvey v. Colvin*, No. CV 13-5376-PLA, 2014 WL 3845088, at *9 (C.D. Cal. Aug. 5, 2014) (finding unconvincing and unsupported by the record ALJ's rejection of claimant's subjective symptom testimony on the ground that her treatment was conservative, when claimant had received epidural steroid injections to the cervical spine and pain medication); *Hayek v. Colvin*, No. 12-cv-1986 (TNL), 2013 WL 5425966, at *19 (D. Minn. Sept. 27, 2013) (when claimant tried all available treatments for her fibromyalgia, which included narcotic pain medications, physical therapy, nerve blocks, and radiofrequency ablation, the ALJ erred in finding that her treatment was routine and conservative); *Harrison v. Astrue*, No. 3:11-cv-365-MA, 2012 WL 527419, at *7 (D. Or. Feb. 16, 2012) (treatment including narcotic medications, nerve blocks and multiple steroid injections "certainly not conservative"). Accordingly, the ALJ's first reason for his adverse credibility finding was neither specific nor clear and convincing.

## 2. Inconsistencies Between Plaintiff's Testimony And Her Daily Activities

Second, the ALJ found that Plaintiff's reported daily activities are not consistent with her allegations of subjective symptoms/pain. [AR 19.]; *see Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (finding that if a Plaintiff's level of activities is inconsistent with her claimed limitations then the activities of daily living have a bearing on the Plaintiff's credibility). The ALJ noted that "the record reflects work activity after the alleged onset date." [*Id.*] Specifically, "the record showed that in April 2013 the claimant reported working about 10 hours a week with job duties of meeting with people, performing computer work at home and phone calls to clients." [*Id.* (citing AR 306).] The ALJ concluded that "[a]lthough that work activity did not constitute disqualifying substantial gainful activity, it does indicate that the claimant's daily activities have at least at times, been somewhat greater than the claimant has generally reported." [*Id.*]; s*ee Molina*, 674 F.3d at 1113 ("Even when those activities suggest some difficulty in functioning, they may be grounds for discrediting the claimant's testimony to the extent they contradict claims of a totally debilitation impairment."). *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 693 (9th Cir. 299) (although daily activities did not show that the Plaintiff could work, "it did suggest that Valentine's later claims about the severity of his limitations were exaggerated.").

However, in making this conclusion, the ALJ mischaracterizes Plaintiff's testimony by omitting statements that explained and supported the allegedly disabling nature of her claimed pain and symptoms. Namely, at the hearing, Plaintiff explained that she had to stop working at her last part-time position because it was "too much physically." [AR 41.] She reported that although the position was part-time, the sitting and standing required for the job was "a little too strenuous for [her]." [AR 41-42.] The ALJ's selective use of the record was error. *Garrison*, 759 F.3d at 1016 (ALJ who found that claimant's pain testimony was inconsistent with

6

her daily activities – talking on the phone, preparing meals, cleaning her room, and helping to care for her daughter – erred, because claimant's testimony emphasized that in performing these tasks, she was assisted by her mother, her pain prohibited her from performing many related daily tasks, and after performing the cited daily activities, she often needed to rest, including by napping); *see also Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (an ALJ "cannot reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result"). Thus, this second reason proffered by the ALJ is not properly supported and does not constitute a clear and convincing reason for rejecting Plaintiff's pain testimony.

### 3. Plaintiff's Ability To Work With The Alleged Disabling Impairment Prior To The Alleged Onset Date

Third, the ALJ found that the fact that Plaintiff's impairment did not prevent her from working prior to the alleged onset date "strongly suggests" that it would not prevent work at this time. [AR 19.] The ALJ bases this conclusion on the finding that Plaintiff's "alleged disabling impairments were present at approximately the same level of severity prior to the alleged onset date." [AR 19.] It is unclear what evidence the ALJ relied on to make this finding. The medical record indicates that the opposite is true—Plaintiff's spine impairment is progressive and her condition has worsened over time. [*See, e.g.,* AR 290; 320; 322-323.] In addition, Plaintiff testified that doctors told her the pain would get worse as she got older, which it did. [AR 37-38.] Accordingly, the Court finds that the ALJ's third reason for his adverse credibility finding was neither specific nor clear and convincing.

### 4. Inconsistencies Between Plaintiff's Testimony And The Objective Medical Evidence

Lastly, the ALJ concluded that the objective medical evidence was inconsistent with Plaintiff's testimony regarding her limitations. [AR 19.] It is

well-established that an "ALJ may not discredit a claimant's subjective testimony on" the sole basis that "no objective medical evidence" supports the claimant's testimony as to "the severity of the subjective symptoms from which he suffers." *Light v. Comm'r of Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). Indeed, "it is the very nature of excess pain to be out of proportion to the medical evidence," and thus, a finding that a claimant is not credible because his pain testimony is out of proportion to the medical evidence is an "inadequate reason." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). While the lack of medical evidence to support a claimant's allegations of disabling pain and symptoms "is a factor that the ALJ can consider in his credibility analysis," it "cannot form the sole basis for discounting pain testimony." *Burch*, 400 F.3d at 681.

Thus, the ALJ's last reason, on its own, is inadequate to support his adverse credibility determination, because the asserted failure of the medical record to corroborate Plaintiff's subjective symptom and pain testimony fully is not, by itself, a legally sufficient basis for rejecting such testimony. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). The ALJ may not make a negative credibility finding "solely because" the claimant's symptom/pain testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Comm'r of Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *Light*, 119 F.3d at 792 ("a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain"); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) ("an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of the [symptoms]."). The ALJ's last reason, therefore, is not clear and convincing and cannot save the ALJ's adverse credibility determination. As there is no basis for finding this error to be harmless, reversal is required.

## V. CONCLUSION

The decision of whether to remand for further proceedings or order an

immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* A remand for an immediate award of benefits is appropriate "only in rare circumstances." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (internal citation omitted).

The Court finds that remand is appropriate because the circumstances of this case do not preclude the possibility that further administrative review could remedy the ALJ's errors. On remand, the Commissioner must re-evaluate Plaintiff's pain/subjective symptom assertions and testimony properly, which in turn may lead to the formulation of a new RFC and the need for additional vocational expert testimony. The Court therefore declines to exercise its discretion to remand for an immediate award of benefits. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the Decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and

9

Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: June 12, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE